Joseph Talbot v. Commissioner.
Talbot v. Commissioner
Docket No. 19185.
United States Tax Court
1950 Tax Ct. Memo LEXIS 140; 9 T.C.M. (CCH) 620; T.C.M. (RIA) 50179; July 24, 1950
*140 William H. Best, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding involves deficiencies in income tax and penalty for the taxable year 1944, in the respective amounts of $265,162.39 and $132,581.20. The case was tried at Philadelphia, Pennsylvania, on May 9, 1950. There was no appearance by the petitioner at the trial. The respondent moved that the case in so far as it pertained to income tax be dismissed for failure properly to prosecute and that the Court enter its decision for a deficiency in income tax for the taxable year in the full amount determined by the Commissioner. The respondent's motion was granted. Thereupon the respondent introduced evidence in support of the determined penalty and from the evidence as introduced the following findings of fact are made. Findings of Fact The petitioner Joseph S. Talbot was during the taxable year 1944 an individual residing at Bristol, Pennsylvania. His income tax returns for that year were filed with the collector of internal revenue for the first district of Pennsylvania. Prior to the year 1944, petitioner and his son, George E. Talbot, entered into a partnership *141 agreement and traded as J. and M. Talbot. This partnership was engaged in buying and selling textiles, including yarn, and during the year 1944 sold yarns. During the year 1944, and prior thereto, the Office of Price Administration had been established with power to fix ceiling prices on various commodities, including yarn, and during that year the O.P.A. had fixed a ceiling price of yarn at $1,87 1/2 per pound. Because of the inability of purchasers to obtain yarns during the war years they were willing to pay and did pay black market or overceiling prices in order to meet the demand for their goods. The ceiling price as fixed by the O.P.A. was not complied with by the J. M. Talbot partnership and large sums of money representing sales of yarn to purchasers in excess of ceiling prices were received by the partnership during 1944. In dealing with purchasers the petitioner refused to accept checks or other written evidence of the amount due from the sale and demanded and received payment in cash, including overceiling prices. Among those to whom the J. M. Talbot partnership sold yarn in the year 1944, was the Tioga Worsted Mills. When yarns became scarce in that year petitioner *142 insisted that he be paid overceiling prices for the yarn sold by him. The amount of the overcharge varied from 10 cents to 25 cents a pound. The Tioga Worsted Mills paid the J. M. Talbot partnership during the year 1944 sums of money amounting to $36,047.25, which sums were paid to petitioner in currency in nine different transactions and did not appear on the invoices. No part of this sum was recorded on the partnership books or reported in the partnership's or the petitioner's income tax return for 1944. The J. and M. Talbot partnership during the year 1944 also sold yarn to Glasgo, Ltd., a Philadelphia concern, and charged that company and received from it sums of money in excess of the O.P.A. prices. The total amount paid by Glasgo to J. and M. Talbot, in the amount of $15,054.98, was not reflected by the partnership books nor reported in the income of the partnership or of petitioner for 1944. Petitioner and his son, George E. Talbot, filed a partnership return for the year 1944, setting forth total income for that year in the amount of $226,146.47, deductions in the amount of $172,117.92, and ordinary net income of $54,028.55. Petitioner, in his individual income tax return *143 for the year 1944, reported income from J. and M. Talbot of Philadelphia in the amount of $27,014.28, the latter being one-half of the alleged partnership income. In the foregoing returns the petitioner did not include in the amount reported as income from the sales of yarn or textiles the amounts received from purchasers in excess of the ceiling prices fixed by the Office of Price Administration. The total sales shown on the books of the partnership of J. M. Talbot for the year 1944, were substantially the same as that reported in the returns of the partnership. In addition to the amount so shown on the books and returned there were unreported sales made by J. and M. Talbot partnership in the amount of $227,369.96, which did not appear on the books and were not reported on the income tax returns of the partnership or petitioner for that year. In most instances the unreported sales were ones where overceiling prices had been charged and received by petitioner or by George Talbot. In 1948 an indictment was returned containing two counts against petitioner charging him with willfully and knowingly attempting to defeat and evade a large part of the income and victory tax due and *144 owing by him for the year 1943, by the filing of a false and fraudulent return, and in the second count of said indictment petitioner was charged with filing a false and fraudulent income tax return for the year 1944 with intent to defraud the United States. On June 28, 1949, petitioner entered his plea of nolo contendere of the offense of attempting to defeat the internal revenue law of the United States, and the judgement of the Court on the plea was as follows: IT IS ADJUDGED that the defendant is guilty as charged and convicted. IT IS ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of SIX (6) MONTHS and pay to the United States of America a fine of FIVE THOUSAND ($5000.00) DOLLARS and stand committed until the fine is paid as to Count #1; as to Count #2 Imprisonment for a period of SIX (6) MONTHS, said sentence to run concurrently with that imposed under Count #1 of this indictment. A part of the deficiency in income tax determined against petitioner for the taxable year 1944 was attributable to fraud with intent to evade and defeat tax. Opinion ARUNDELL, Judge: The *145 petitioner did not appear either in person or by counsel at the trial of this cause. The deficiency in tax as determined by the Commissioner is presumptively correct, and as no testimony was offered in behalf of the petitioner the Court on motion of respondent found that the deficiency in income tax was in the amount as determined by the Commissioner. The burden of proof rested on the respondent to establish that some part of the deficiency was due to fraud. Section 293 (b), I.R.C. This burden we think the respondent has met by clear and convincing evidence and has established in the language of the statute that a part of the deficiency was due to fraud with intent to evade tax. It follows that the penalty should be imposed in the amount set forth in our findings, which is 50 per cent of the amount of the deficiency. Decision will be entered for the respondent.